Bellacosa, J.
(concurring). I concur with Judge Simons’ opinion for the Court. This case could easily be decided fully and properly in one opinion for the Court, and I would prefer to join without separate comment in that one, thorough expression of Judge Simons. Unfortunately, the separate concurrence by Judge Hancock raises a challenge that does not allow me that institutional preference and, instead, compels my separate concurrence, also, to express at least this much of a response reflecting my fundamental disagreement with his approach.
The central problem with the concurrence by Judge Hancock is its engagement of the O’Connor rule (Matter of Westchester County Med. Ctr. [O’Connor], 72 NY2d 517), which is not at issue in this case. That precedent is only the backdrop to this payment-for-services dispute. Thus, to revisit O’Connor here, repudiate its holding, urge its abandonment, and claim that the instant case demonstrates that the rule is "unworkable” (O’Connor, supra, at 536 [Hancock, Jr., J., concurring]), are too bold for me. As a member of the majority of the Court that decided the O’Connor rule, I perceive no warrant for reexamination and renewed joinder of its issue, as a collateral and irrelevant offshoot of the narrow ratio decidendi of this case.
Moreover, two jurisprudentially relevant factors that have intervened since O’Connor was decided in 1988 by the full Court militate strongly against any Judge casting clouds of doubt on the reliability on any recent precedent of the Court in these circumstances. The intervening circumstances are changes in the composition of the Court (see, Simpson v Loehmann, 21 NY2d 305, 314-316 [Breitel, J., concurring]) and a reduction to the bare constitutional minimum of five Judges in this case (NY Const, art VI, § 2 [a]).
A standard jurisprudential principle points to the high desirability for subordination of personal expressions by Judges to long-standing, greater and stronger institutional values. The failure to respect that principle in this case undermines the foundation stones of stare decisis, i.e., legitimacy in the public perception of transcendent institutional process, respect for the wisdom of the antecedent Judges who create precedents — after their own full, fair and robust analytical exposition of competing points of view — and avoidance of *22 persistent reexamination of such settled rules. Chief Judge Cardozo’s summary on one aspect of the subject is instructive: "[T]he labor of judges would be increased almost to the breaking point if every past decision could be reopened in every case, and one could not lay one’s own course of bricks on the secure foundation of the courses laid by others who had gone before” (Cardozo, The Nature of the Judicial Process, reprinted in Selected Writings of Benjamin Nathan Cardozo, at 171 [Margaret E. Hall ed 1947], see also, at 168-183).
Judges Titone, Hancock, Jr., Bellacosa and Smith concur with Judge Simons; Judges Hancock, Jr., and Bellacosa concur in separate opinions; Chief Judge Kaye and Judge Levine taking no part.
Order affirmed, etc.